IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00070-GCM

ROSA GIL
DANTE GIL
ADA ARGUETA,

      Plaintiffs,

v.

LEANDER HOLSTON
KIRSTJEN NIELSEN
FRANCIS CISSNA,

      Defendants.

**ORDER**

THIS MATTER comes before the Court upon Plaintiffs' Verified Motion for Attorneys' Fees and Incorporated Memorandum of Law [ECF Doc. 32], which was filed on November 20, 2019. Defendants filed their Response in Opposition to Plaintiffs' Verified Motion for Attorneys' Fees [ECF Doc. 34] on December 20, 2019. Plaintiffs filed a Reply [ECF Doc. 36] on January 14, 2020 and, with leave of the Court, Defendants filed a Surreply [ECF Doc. 38] on January 27, 2020. Having now considered the facts and circumstances of this Motion, the Court finds the following.

### I.    BACKGROUND

Plaintiffs were lawful permanent residents of the United States who sought, unsuccessfully, naturalization over the course of several years. After filing requests for a hearing on their application for naturalization in 2014, Plaintiffs filed an initial mandamus complaint in August 2017 when negotiations with the United States Citizenship and Immigration Service ("USCIS") were no longer fruitful. However, that complaint was voluntarily dismissed after USCIS denied their applications in December 2017. Next, Plaintiffs filed a complaint seeking *de novo* review of

1

the denial. This Court initially granted relief in April 2019, but both parties filed motions for reconsideration and the Court issued a new order in August 2019. In the August 2019 order, the Court permitted Plaintiffs to obtain *nunc pro tunc* relief. The Government did not appeal pursuant to Fed. R. App. P. 4(a)(1)(B), and the Court's order became a final judgment on October 22, 2019. Plaintiffs timely filed this Motion on November 20, 2019, pursuant to 28 U.S.C. § 2412(d)(1)(B), which permits plaintiffs to file an application for Equal Access to Justice Act ("EAJA") fees within thirty days from a final judgment date.

## II. DISCUSSION

The EAJA provides that:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2018). Here, it is undisputed that Plaintiffs qualify as a prevailing party. *See* ECF Doc. 34 at 4 (stating "Plaintiffs qualify as a prevailing party"). Therefore, the burden is upon the Government to show that its position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Scarborough v. Principi*, 541 U.S. 401, 405, 414 (2004).

The substantial justification test essentially asks if the Government's position was "justified to a degree that could satisfy a reasonable person" or had a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The Government need not prevail on an issue to establish that it "acted reasonably in causing the litigation or in taking a [particular] stance during the litigation." *Meyer v. Colvin*, 754 F.3d 251,

2

255 (4th Cir. 2014) (alteration in original) (quoting *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993)); *see also Pierce*, 487 U.S. at 569 (noting that loss on the merits does not mean the Government lacked substantial justification for its position).

The Government's burden to prove substantial justification for its position stems from Plaintiffs' complaint seeking *de novo* review of the denial of Plaintiffs' naturalization applications. Given this burden, the procedural background supports a finding that the Government had a reasonable basis in both law and fact for its position during the litigation, as is evinced in the Court's Order where the Court concluded Plaintiffs were ineligible for naturalization under 8 U.S.C § 1427(a). *See* ECF Doc. 31 at 5. While the Court's grant of *nunc pro tunc* relief makes Plaintiffs prevailing parties in the litigation, it does not undermine the substantial justification of the Government's position that the naturalization applications should be denied.

There was a reasonable basis in law and fact for the Government's position during this civil proceeding, but Plaintiffs still argue that the administrative delay leading up to Plaintiffs' initial mandamus complaint in Case Number 3:17-cv-00465-GCM is enough for this Court to find Plaintiffs are entitled to attorneys' fees and costs. Where appropriate, courts shall award fees and other expenses to the *prevailing party* within thirty days of *final judgment* in an action. 28 U.S.C. § 2412(d)(1)(B). Plaintiffs maintain that courts consider unjustified agency delay a sufficient reason to award attorneys' fees, but there was no final judgment making it appropriate for the Court to award fees and costs associated with Plaintiffs' voluntarily dismissed initial mandamus complaint. Further, this Motion is filed in an entirely different civil action that does not pertain to the initial mandamus complaint. *See* 28 U.S.C. § 2412(d)(1)(B) (explaining that an award of fees and costs considers agency action "in the civil action for which fees and other expenses are

3

sought"). Awarding fees and costs based on the alleged administrative delay is, thus, not appropriate under the statute.

Even if it was appropriate to consider administrative delay in this case, which the Court deems it is not, the Court need not find that administrative delay gave grounds for an award of attorneys' fees and costs because there is no bright-line rule in how the Government's prelitigation position impacts the Court's finding with regard to substantial justification. *See United States v. 515 Granby, LLC*, 736 F.3d 309, 316 (4th Cir. 2013); *see also*, *e.g.*, *Cody v. Caterisano*, 631 F.3d 136, 139–40 (4th Cir. 2011) (concluding the Government's position was substantially justified, despite a year and a half prelitigation delay in making a naturalization determination where the statutory requirement was to make the determination within one hundred twenty days of the petitioner's naturalization exam); *Kirkland v. R.R. Ret. Bd.*, 706 F.2d 99, 101, 104–05 (2d Cir. 1983) (finding the Government's position was substantially justified even where the administrative board had procrastinated more than seven years in making its decision). In this civil matter, the issue was not whether USCIS delayed in considering Plaintiffs' applications but, rather, whether USCIS erred in denying the applications. Any administrative delays that may have occurred do not require this Court to conclude the Government's position was without substantial justification, especially where the Government's reason for denying the applications was in accordance with the statute.

Plaintiffs further argue that USCIS refused to allow Plaintiffs to cure their applications or otherwise settle the naturalization matter, which merits an award of fees and costs. As noted above, an agency's failure to act is considered when analyzing the reasonableness of the Government's position. *See* 28 U.S.C. § 2412(d)(2)(D). Indeed, Plaintiffs were not provided an opportunity to cure their applications after the Government granted Plaintiffs lawful permanent resident status

4

when Plaintiffs were not in substantive compliance with all applicable immigration laws and ineligible for the same. Yet, the civil matter for which Plaintiffs seek fees and costs regards the Government's denial of Plaintiffs' naturalization applications, which was substantially justified because Plaintiffs were ineligible for naturalization under the relevant statute. Plaintiffs ask the Court to mine deep into the administrative proceedings regarding their applications to find that, because USCIS did not provide *nunc pro tunc* relief to Plaintiffs *sua sponte*, the Government's position in this civil matter was not substantially justified. This the Court will not do. The Government's position with regard to this civil matter was substantially justified and no prelitigation agency actions support finding otherwise.

### III. CONCLUSION

For the aforementioned reasons, Plaintiffs' Verified Motion for Attorneys' Fees is **DENIED**.

**SO ORDERED**.

Signed: September 15, 2020

Graham C. Mullen
United States District Judge